UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| SALEM POINTE CAPITAL, LLC, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Nos. 3:18-cv-443, 3:18-cv-444 |
| BEP RARITY BAY, LLC and BALD EAGLE VENTURES, LLC, | ) ) ) | REEVES/POPLIN |
| *Defendants*. | ) ) ) | |
| RARITY BAY PARTNERS, | ) ) | |
| *Movant/Intervenor Applicant*. | ) | |

## MEMORANDUM OPINION AND ORDER

"It's déjà vu all over again."[1] YOGI BERRA, THE YOGI BOOK: "I DIDN'T REALLY SAY EVERYTHING I SAID" 30 (Workman Publishing 1998). As follows, the Court concludes that the latest stipulation of dismissal is valid. Because the stipulation of dismissal is valid, the Court no longer has jurisdiction over the matter, and RBP's motion to intervene must be denied as moot.

**I.  Background**

The Court has reviewed the background of this case at great length, [D. 50], but will briefly do so again. The Rarity Bay Community ("Rarity Bay") is a much-litigated 960-acre luxury planned unit residential community in Tennessee that encompasses property in both Loudon

---

[1] Once more, Salem Pointe Capital Partners has moved to intervene in the case [D. 63], the original parties in the case have filed a joint stipulation of dismissal [D. 67], and Salem Pointe Capital Partners has moved to set aside that stipulation of dismissal [D. 68]. However, this time around, Salem Pointe Capital Partners has a new *nom de guerre*— Rarity Bay Partners ("RBP")—and an ongoing case against Salem Pointe Capital, LLC ("SPC") in Tennessee state court. Moreover, the latest joint stipulation of dismissal filed by SPC, along with BEP Rarity Bay, LLC ("BEP") and Bald Eagle Ventures, LLC ("BEV") (collectively, "Defendants"), has been signed and filed by counsel of record.

1

County and Monroe County. This lawsuit involves a claim by SPC against Defendants for unpaid club membership fees in conjunction with sixty-five lots in Rarity Bay.

However, SPC was not alone in its prosecution of the case; though SPC is the only plaintiff, SPC and RBP apparently entered into an "Agreement and Assignment of BEP Rarity Bay, LLC Collection Rights" ("Collection Agreement"). In the Collection Agreement, SPC and RBP agreed to equally bear the costs of collection, equally share the proceeds of resolution, and jointly prepare any final settlement. Further, RBP would advance all litigation costs and external counsel would be retained for the collection efforts. Nevertheless, RBP never joined as a party to the litigation as a co-plaintiff.

This litigious marriage was torn asunder,[2] however, when settlement negotiations started to break down. When RBP walked away from settlement negotiations, SPC and Defendants continued to negotiate. SPC and Defendants reached a settlement, memorialized as the "Confidential Settlement Agreement and Mutual Release." *See* [D. 67].[3] On October 2, 2019, SPC, through counsel not of record, filed a stipulation of dismissal with prejudice. On October 3, 2019, RBP stepped out of the shadows, filing motions to intervene and set aside the stipulation of dismissal. [D. 42, 45].

The Court denied RBP's motion to intervene but set aside the stipulation of dismissal under Rules 60(b)(4) and (6) of the Federal Rules of Civil Procedure. [D. 50]. The Court further stayed the case and ordered the parties to mediation. Further still, the Court ordered that the parties appear through different counsel for any further litigation unless counsel were appearing "for the purposes of filing a *valid* stipulation of dismissal." [D. 50, p. 14].

---

[2] The Court notes that it was not a happy marriage even prior to this case; the record shows that SPC and RBP have a history of disagreement that predates the filing of this suit.

[3] Though this document purports to include a copy of the Confidential Settlement Agreement and Mutual Release as an exhibit, no copy was attached to the filing.

The case went dormant, so the Court ordered the parties to file a status report. [D. 52]. In that status report filed by counsel for RBP, the Court learned that RBP had filed a suit against SPC in state court for breaching the Collection Agreement through its settlement agreement with Defendants in this case. [D. 54]. The Court ordered that the stay be extended, that new counsel appear on behalf of the parties, and that further status reports should be filed on May 20, 2020 and every 21 days thereafter. [D. 58].

New counsel appeared for SPC and Defendants, who filed a joint status report that excluded counsel for RBP. [D. 61]. RBP, through counsel, filed a dueling status report, contending that new counsel of record for SPC, Thomas Hale, was not selected as external counsel for the suit in accordance with the Collection Agreement. [D. 62]. RBP moved again to intervene in the case a few days later. [D. 63]. In RBP's motion to intervene, RBP indicated that it had selected external counsel, Wynne Caffey-Knight, to represent SPC in the collection effort, and was awaiting SPC's approval. [D. 63, p. 5]. SPC and Defendants jointly responded in opposition, arguing that circumstances have not changed sufficiently since RBP's prior intervention motion to warrant intervention, RBP's presence in the case would destroy complete diversity, and permitting intervention would prejudice the parties already before the Court. [D. 66]. RBP replied, contending that circumstances, particularly the state court action, now warrant intervention, that the Court's diversity jurisdiction would not be destroyed by its intervention, and that the interests of justice require that RBP be permitted to intervene. [D. 71]

On June 5, 2020, counsel of record for SPC filed a "Joint Stipulation and Request for Issuance of Final Order of Dismissal with Prejudice" on behalf of SPC and Defendants. [D. 67]. Arguing that the previous Confidential Settlement Agreement and Mutual Release formed a valid settlement contract that the parties have reaffirmed since the appearance of new counsel, the parties

3

asserted that the latest stipulation of dismissal was valid under Rule 41(a)(1)(ii) and should remain undisturbed by the Court.

On June 8, 2020, RBP moved to set aside the stipulation of dismissal under Rule 60(b)(3), (4), and (6). [D. 68]. Arguing that the settlement and resultant stipulation of dismissal are invalid under to the Collection Agreement and that the stipulation of dismissal is a product of fraud and misconduct, RBP vigorously urged the Court to set it aside. SPC and Defendants jointly responded in opposition, solely arguing that RBP lacked standing to bring the motion under Rule 60(b). RBP replied, asserting that it does have standing to bring a Rule 60(b) motion as it is in privity with SPC, its interests are directly or strongly affected by any judgment in this case, and it has alleged fraud on the Court. [D. 74].

All pending motions are ripe for adjudication.

**II. Analysis**

Though RBP's motion to intervene was filed first in sequence, prior to the stipulation of dismissal and RBP's subsequent motion to set aside that dismissal, the validity of the stipulation of dismissal has jurisdictional implications. Consequently, the Court will first address the stipulation of dismissal and motion to set aside that dismissal, then turn to RBP's motion to intervene.

**A. Motion to Set Aside the Stipulation of Dismissal**

At the outset, the Court notes, unlike before, the stipulation of dismissal was filed by the attorney of record for SPC. Likewise, the parties in the case, through new counsel, have re-affirmed the settlement upon which the stipulation of dismissal is premised. The Court will first address its jurisdiction in the present matters, then turn to RBP's standing to set aside the dismissal, and lastly address the merits of RBP's motion.

4

### 1. Does the Court Have Jurisdiction Over the Motion?

Federal courts are courts of limited jurisdiction; authority to act must be granted by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unless stated otherwise in a stipulation of dismissal filed pursuant to Rule 41(a)(1)(A)(ii), a court may be stripped of jurisdiction over the dispute. *See id.* (citing former Fed. R. Civ. P. 41(a)(1)(ii)). This is because "a Rule 41(a)(1) notice of dismissal is self-effectuating, leaving no basis upon which a District Court can prevent such a dismissal." *Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993); *see also Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 541–42 (6th Cir. 2001) ("the plaintiff's stipulation is the legally operative act of dismissal and there is nothing left for the court to do"); *Gardiner v. A.H. Robins Co., Inc.*, 747 F.2d 1180, 1189 (8th Cir. 1984) ("Caselaw concerning stipulated dismissals . . . is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval."). As a result, a Rule 41(a)(1)(A)(ii) stipulation of dismissal "terminate[s] the district court's jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b) of the Federal Rules of Civil Procedure." *Hinsdale v. Farmers Nat. Bank & Trust Co.*, 823 F.2d 993, 995–96 (6th Cir. 1987) (citations and internal quotation marks omitted); *see, e.g.*, *Homesite Ins. Co. of the Midwest v. Robards*, No. 3:13-CV-515-TAV-CCS, 2014 WL 359823, at *2 (E.D. Tenn. Feb. 3, 2014).

Here, the stipulation of dismissal was properly signed and filed by counsel of record for SPC and the Defendants—all parties in the case at the time of its filing. As a result, it does not suffer the same facial deficiencies that doomed the first stipulation of dismissal in this case. Nevertheless, the Court retains jurisdiction for the purposes of Rule 60(b), which has been invoked by RBP in this case.

5

## 2. Does RBP Have Standing to Bring a Rule 60(b) Motion?

Rule 60(b) provides for relief to "a party or its legal representative," Fed. R. Civ. P. 60(b). Consequently, "[t]he general rule is that one must either be a party or a party's legal representative in order to have standing to bring any Rule 60(b) motion." *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 940 (6th Cir. 2013) (quoting *Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1520 (11th Cir. 1987). Nevertheless, the Sixth Circuit has acknowledged that courts have recognized exceptions to the general rule. *See id.*; *Flagstar Bank, FSB v. S. Star Capital, LLC*, No. 13-10290, 2013 WL 5719176, at *4 (E.D. Mich. Oct. 21, 2013). These rare exceptions arise when the nonparty movant: (1) is in some form of privity, (2) has interests directly or strongly affected by the judgment, or (3) raises a claim of fraud on the Court. *Bridgeport Music, Inc*, 714 F.3d at 940–42 (citing *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 188–89 (2d Cir. 2006); *In re Lawrence*, 293 F.3d 615, 627 n. 11 (2d Cir. 2002); *Eyak Native Village v. Exxon Corporation*, 25 F.3d 773, 777 (9th Cir. 1994); *Binker v. Pennsylvania*, 977 F.2d 738, 745 (3d Cir. 1992); *Kem Mfg. Corp.*, 817 F.2d at 1520; *Dunlop v. Pan Am. World Airways, Inc.*, 672 F.2d 1044, 1051–52 (2d Cir. 1982); *Southerland v. Irons*, 628 F.2d 978, 980 (6th Cir. 1980); *In re La Sierra Fin. Servs., Inc.*, 290 B.R. 718, 724–31 (9th Cir. BAP 2002)).

Here, SPC argues that the Sixth Circuit has only formally recognized the fraud exception to the general rule and that the Court should therefore refuse to recognize any other exception. However, the Court considered RBP's previous motion under these exceptions while acknowledging the Sixth Circuit's silence. The Court will not reverse course absent a showing that the Sixth Circuit has foreclosed these exceptions; SPC has not made such a showing. As before, RBP is in privity with SPC and has strong and direct interests in the case due to the Collection Agreement. Additionally, RBP again alleges fraud against the Court through the

6

stipulation of dismissal. Consequently, the Court concludes, as it did before, that RBP has standing to bring a Rule 60(b) motion.

### 3. Should the Court Exercise Its Discretion and Set Aside the Second Stipulation of Dismissal?

Federal Rule of Civil Procedure 60 states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for" certain reasons. These include, in relevant part, "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," a void judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60 (b)(3)–(4), (6). The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 45 (6th Cir. 2008) (citing *Crehore v. United States*, 253 F. App'x 547, 549 (6th Cir. 2007); *Ty Inc. v. Softbelly's, Inc.*, 517 F.3d 494, 498 (7th Cir. 2008)).

Here, RBP attacks the stipulation of dismissal under Rule 60(b)(3), (4), and (6). The Court will address the merits of each argument in turn.

#### a. Rule 60(b)(3)

A judgment should be set aside for fraud when an "adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question," *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 455 (6th Cir. 2008). "Fraud is the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment," and may be an act of commission or omission. *Id.* (quoting BLACK'S LAW DICTIONARY 685 (8th ed. 2004)). "The five traditional elements of fraud . . . include: a false representation; in reference to a material fact; made with knowledge of its falsity; with the intent to deceive; and on which an action is taken in justifiable

7

reliance upon the representation." *Id.* (quoting 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, ¶ 60.43[1][b] (3d ed. 1999)). Fraud encompasses "deliberate omissions when a response is required by law or when the non-moving party has volunteered information that would be misleading without the omitted material." *Id.* at 456 (quoting *Jordan v. Paccar, Inc.*, No. 95–3478, 1996 WL 528950, at *6 (6th Cir. Sept. 17, 1996)).

Here, RBP suggests that the stipulation of dismissal the Court must set aside on two grounds—fraud and misrepresentations in the stipulation itself and misconduct giving rise to the settlement and subsequent stipulation.

First, RBP argues that the stipulation contains misrepresentations. Specifically, RBP faults the statement that "[a]fter nearly a year of litigation, and following this Court's September 23, 2019, Order granting Defendants' Motion to Amend the Answer and Counter-Complaint and denying the parties competing motions for Summary Judgment, the Parties engaged in meaningful alternative dispute resolution in an effort to resolve the disputes in controversy between them." [D. 67, p. 4]. Instead, RBP suggests that "[t]he Record in this matter demonstrates beyond any doubt that the settlement between SPC and Bald Eagle was not the result of meaningful alternative dispute resolution that occurred after this Court's September 23, 2019 Order allowing the Counter-Complaint." [D. 69, p. 18]. RBP suggests that "SPC and Bald Eagle were still hiding their settlement efforts from SPCP/RBP and Attorney Swartwood at the time of the Court's Order, but the parties had already been exchanging settlement documents for over a month, and SPC had already executed the Releases of Liens purporting to release the liens that are the subject of this action on September 19, 2019." [*Id.* (citing D. 63-2, ¶¶ 28–37)]. To be sure, RBP and SPC frame the recent events of this litigation in stark contrast. But this representation in the stipulation of dismissal does not provide clear and convincing evidence of fraud or misrepresentation.

8

Otherwise, RBP quibbles with SPC's assertions that it had the authority to enter into the settlement in the first place and omissions regarding the underlying state action. But, even if these are improper, these are issues to be resolved in the state court action and do not provide a basis for setting aside the stipulation of dismissal.

Second, RBP argues that the parties' conduct in secretly settling rises to the level of fraud. Specifically, RBP states that "SPC and Bald Eagle knew SPC was not authorized to enter the settlement, and they should not be rewarded for their skillful deceit in concealing the settlement discussions from Attorney Swartwood and SPCP/RBP." [D. 69, p. 20]. RBP claims that:

- SPC and Bald Eagle knew of SPCP/RBP's interests in the claims being prosecuted in this matter,
- SPC and Bald Eagle deliberately hid their settlement negotiations from SPCP/RBP and this Court;
- SPC and Bald Eagle deliberately deceived Garrett Swartwood, the attorney whom SPCP/RBP and SPC had jointly engaged to prosecute the claims in this matter; and
- SPC and Bald Eagle used these proceedings and extensive motion practice in this Court—after they had already agreed upon the material terms of a settlement—to try to effectuate a settlement they knew was unauthorized in such a way that SPCP/RBP would never have the opportunity to protect its interests.

[D. 75, p 7]. To be sure, the Court is greatly displeased by the conduct of nearly everyone involved in this case. That includes the conduct of RBP. While the Court does not wish to reward SPC and Defendants for their misconduct, it will not set aside the stipulation of dismissal because of it to save RBP from the fruits of its own conduct. In other words, RBP made a bed of duplicity and must lay in it. The Court will not set aside the second stipulation of dismissal under Rule 60(b)(3).

Lastly, RBP respectfully requests that the Court allow RBP the opportunity to complete discovery in the Knox County Circuit Court case and to present additional evidence to this Court." [D.74, p. 8]. The Court denies this request.

9

### b. Rule 60(b)(4)

Under Rule 60(b)(4), a "void judgment is a legal nullity and a court considering a motion to vacate has no discretion in determining whether it should be set aside." *Jordon v. Gilligan*, 500 F.2d 701, 704 (6th Cir. 1974) (citing 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, ¶ 60.25(2), at 301 (2d ed. 1973)). Consequently, if an "underlying judgment is void, it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)." *Northridge Church v. Charter Twp. of Plymouth*, 647 F.3d 606, 611 (6th Cir. 2011) (quoting *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995)).

A void judgment is "one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (citing RESTATEMENT (SECOND) OF JUDGMENTS 22 (1980)); *see also Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 515 (6th Cir. 2001) (Batchelder, J., concurring) ("A void judgment is one which, from its inception, was a complete nullity and without legal effect." (quoting *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 649 (1st Cir. 1972))).

Here, unlike before, the stipulation of dismissal is neither facially nor fatally deficient under Rule 41(a)(1)(ii). RBP's theory rests on the "rather odd proposition" that the underlying settlement is void and "the settlement agreement and the judgment are somehow proxies for each other." *Tsironis v. Bismarck Hotel*, 74 F.3d 1242 (7th Cir. 1996). But the settlement, which RBP is currently attacking in state court, "is not an order of the court; it is simply a contract between the parties." *Id.* (citing *Laserage Technology Corp. v. Laserage Laboratories, Inc.*, 972 F.2d 799, 802 (7th Cir. 1992)). Consequently, the Court will not set aside the second stipulation of dismissal under Rule 60(b)(4).

### c. Rule 60(b)(6)

Under Rule 60(b)(6), a judgment may be set aside when there are "exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule," *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001). This means that a settlement should only be set aside "when required in the interests of justice, not whenever a settlement agreement has been breached." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 470 (6th Cir. 2007). This is because courts "must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Id.* at 468 (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990)). The "something more" includes "unusual and extreme situations where principles of equity mandate relief." *Id.* at 468–69 (quoting *Olle*, 910 F.2d at 365).

Here, these circumstances are certainly unusual and extreme, but principles of equity do not mandate relief. RBP argues that, under the Collection Agreement, SPC's must be selected by RBP and consented to by SPC. SPC's new counsel of record was not selected by RBP, so RBP asserts that counsel lacks the authority to stipulate to dismissal. However, the authority cited for this proposition is unavailing. *See United States v. 32.40 Acres of Land, More or Less, Situated in Leelanau Cty.*, 614 F.2d 108, 111 (6th Cir. 1980) ("*32.40 Acres*"). While *32.40 Acres* involved an unauthorized settlement, that settlement was invalid because the assistant United States attorney that did not comply with the necessary federal regulations. *Id.* Though litigants "must turn square corners when they deal with the Government," RBP identifies no authority demanding analogously strict compliance with contractual relationships between private parties. *Id.* (quoting *Rock Island, Ark. & La. R.R. v. United States*, 254 U.S. 141, 143 (1920)). It may or may not be the case that

11

SPC committed itself to irreconcilable contractual obligations or breached the Collection Agreement; that is not for this Court to decide. But presuming *arguendo*, that SPC did breach the Collection Agreement by selecting counsel of record to effectuate its wishes, that breach would not provide a basis to grant RBP relief here.

Moreover, "the relief provided by Rule 60(b) is equitable in character and to be administered upon equitable principles. *DiVito v. Fid. & Deposit Co. of Md.*, 361 F.2d 936, 939 (7th Cir. 1966) (citing *Assmann v. Fleming*, 159 F.2d 332, 336 (8th Cir. 1947)); *see also Echols v. Voisine*, 506 F. Supp. 15, 17 (E.D. Mich. 1981), *aff'd*, 701 F.2d 176 (6th Cir. 1982). When adjudicating RBP's previous motion to set aside the first stipulation of dismissal, the Court found "it difficult to find an innocent party in this case." [D. 50, p. 10]. While the Court will not speculate on the reasons for RBP's strategy regarding its involvement, or rather noninvolvement, in the litigation until recently, RBP could have avoided these issues had it entered the case as a party from the beginning. SPC, the actual plaintiff in this case, cut its puppeteer's strings; the propriety of that action is properly left in the capable hands of the Knox County Circuit Court. Regardless, neither the identity of the counsel of record nor the equitable landscape of this case will prompt the Court to set aside the second stipulation of dismissal under Rule 60(b)(6).

### 4. Conclusion

In sum, the Court concludes that it retains jurisdiction to entertain the RBP's motion and RBP has standing to bring it. However, the Court will not set aside the stipulation of dismissal under Rule 60(b)(3), (4), or (6). As the stipulation of dismissal is self-effectuating, these related cases will be closed. However, the Court will still contemporaneously enter a Judgment Order in the interest of clarity.

12

Case 3:18-cv-00443-PLR-DCP   Document 78   Filed 08/11/20   Page 12 of 14   PageID #: 3372

### B. RBP's Motion to Intervene

As the Court stated previously, a Rule 41(a)(1)(A)(ii) stipulation of dismissal "terminate[s] the district court's jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b) of the Federal Rules of Civil Procedure." *Hinsdale v. Farmers Nat. Bank & Trust Co.*, 823 F.2d 993, 995–96 (6th Cir. 1987) (citations and internal quotation marks omitted); *see, e.g.*, *Homesite Ins. Co. of the Midwest v. Robards*, No. 3:13-CV-515-TAV-CCS, 2014 WL 359823, at *2 (E.D. Tenn. Feb. 3, 2014). Likewise, a valid Rule 41(a)(1)(A)(ii) stipulation of dismissal also works to moot any pending intervention motions. *See Homesite Ins. Co.*, 2014 WL 359823, at *2; *Mut. Produce, Inc. v. Penn Cent. Transp. Co.*, 119 F.R.D. 619, 621 (D. Mass. 1988); *see also Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 547–48 (4th Cir. 1993) (holding that after the plaintiff voluntarily dismissed its action, "the district court had no discretion to allow [a nonparty] to intervene in the defunct action"); *City of Bridgeport v. U.S. Dep't of Army*, No. 3:09–CV–0532CSH, 2009 WL 3254475 (D. Conn. Oct. 6, 2009) (motion to intervene mooted by voluntary dismissal); *Nance v. Jackson*, 56 F.R.D. 463, 471 (M.D. Ala. 1972) (holding that once voluntary dismissal has been granted by court order, "there is no justiciable action pending in which to intervene").

Here, RBP's intervention motion does not fall within the Court's limited scope of jurisdiction, having overruled RBP's Rule 60(b) motion. Accordingly, the stipulation of dismissal moots RBP's motion to intervene, and the Court will deny it as such.

### III. Conclusion

The Court is deeply displeased with the conduct of the parties in this case, as well as the conduct of several of the attorneys that enabled such backstabbing and duplicity. Moreover, SPC,

13

RBP, and Defendants felt it acceptable to, at different points, abuse this Court and the court system as they jockeyed for control in Rarity Bay.

In light of the foregoing, RBP's motion to set aside the stipulation of dismissal in this case [D. 68] is **DENIED.**  RBP's application to intervene [D. 63] is **DENIED**.  The stipulation of dismissal [D. 67] will not be disturbed, and an accompanying order will be entered to close this case.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**